IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JOSEPH DODD,

                Petitioner,        MEMORANDUM and ORDER

  v.                                              07-cv-573-jcs

WARDEN CAROL HOLINKA,

                Respondent.
_____

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that he was denied due process during his disciplinary proceedings. Respondent filed a response on November 20, 2007. Petitioner filed his traverse on December 10, 2007.

## FACTS

Petitioner Joseph Dodd is currently incarcerated at the Federal Correctional Institution, Oxford, Wisconsin (FCI-Oxford). On February 19, 2007 FCI-Oxford Lieutenant J. Turvey conducted an interview with the petitioner concerning an alleged physical altercation that occurred on February 11, 2007. Petitioner told Lt. Turvey that he had hit another inmate on February 11, 2007. Lt. Turvey prepared an incident report charging petitioner with assault based on his statement. The incident report (#1568789) was provided to petitioner on February 19.

The report was referred to the Disciplinary Hearing Officer (DHO). On February 27, 2007 petitioner was given a Unit Disciplinary Committee Hearing and provided notice of his rights at the upcoming hearing before the DHO. The rights were as follows: the right to have a written copy of the charge(s) at least 24 hours prior to the hearing; the right to have a full-time member of the staff as representative before the DHO, the right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence; the right to remain silent or to present a statement; the right to be present at the hearing; the right to be advised in writing of the DHO's decision and the right to appeal the decision.

Petitioner's disciplinary hearing was held on March 21, 2007. Petitioner stated that he assaulted the victim. Petitioner presented a written statement of his witness, inmate Sayers. After examining the available evidence, the DHO found petitioner guilty of the charge of assault. The DHO sentenced petitioner to 15 days disciplinary segregation, 45 days loss of telephone and commissary privileges and the loss of 14 days of good conduct time.

Petitioner exhausted his administrative remedies on his claim that he was denied due process in his disciplinary proceedings.

MEMORANDUM

Petitioner claims that he was denied due process in his disciplinary proceedings.  In Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), the United States Supreme Court held that a prisoner is entitled to advance written notice of the disciplinary charges, an opportunity to call witnesses and present documentary evidence in his defense, the aid of a staff member and a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

Petitioner received these due process protections.  He argues, however, that the Bureau of Prisons violated its regulations by not giving him a copy of the incident report within 24 hours of the date of the incident and not providing him a UDC hearing within three days.

The regulation provides: "staff shall give each inmate charged with violating a Bureau rule a written copy of the charge(s), ordinarily within 24 hours of the time staff became aware of the inmate's involvement in the incident."  28 C.F. R. §541.15(a).  In this case petitioner received a copy of the charges against him on February 19, 2007 the date Lt. Turvey interviewed petitioner concerning the incident.  Although the incident occurred on February 11, 2007 the Court cannot find anything in the record indicating that staff became aware of petitioner's involvement in

3

the incident until February 19, 2007. This regulation was not violated.

A regulation also provides as follows: "Each inmate so charged is entitled to an initial hearing before the UDC, ordinarily within three work days from the time staff became aware of the inmate's involvement in the incident." 28 C.F.R. § 541.15(b). Petitioner's UDC hearing was not held within three work days. Since the regulation says that the UDC hearing shall <u>ordinarily</u> be held within three work days, the fact that petitioner's hearing was not held within three work days did not violate the regulation.

Had the regulations been violated, his due process rights were not violated because he received the due process protections to which he was constitutionally entitled according to <u>Wolff</u>. Accordingly, petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be denied.

Petitioner is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his writ of habeas corpus must be dismissed with prejudice. <u>See Newlin v. Helman</u>, 123 F.3d 429, 433 (7th Cir. 1997).

ORDER

IT IS ORDERED petitioner's petition for a writ of habeas corpus is DISMISSED with prejudice.

Entered this 12th day of December, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge